IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFF MEIJERS,<br><br>     Plaintiff,<br><br>vs.<br><br>PEOPLE'S HEALTH CENTER and D.D.S. REDDY,<br><br>     Defendants. | 4:13-CV-3064<br><br>MEMORANDUM AND ORDER |

  This medical malpractice case was originally filed in state court in Lancaster County, Nebraska. Plaintiff Jeff Meijers' complaint alleges that on December 14, 2010, he was undergoing a dental procedure at the People's Health Center (PHC) in Lincoln, Nebraska, and that during that procedure, "D.D.S. Reddy" sprayed a large amount of water into his lungs.[1] According to Meijers, this caused him to cough violently and ultimately "shredded" his aortic heart valve. Filing 1-1 at 2. As a result, Meijers alleges, he had to have his right lung drained and his aortic valve replaced. Filing 1-1 at 3–6. Meijers seeks damages for medical expenses as well as pain and suffering. Filing 1-1 at 6–8. Liberally construed, Meijers has asserted claims for medical negligence or malpractice arising under state tort law.

  Defendants PHC and Reddy removed this action to this Court under the authority of 42 U.S.C. § 233(c), which provides in part:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. . . .

---

[1] "D.D.S. Reddy" is actually Arathi Reddy, D.D.S. (Doctor of Dental Surgery). Filing 10 at 1.

Defendants have filed a certification signed by the United States Attorney for the District of Nebraska stating that PHC and Reddy were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the complaint.[2] Filing 1-2.

Defendants have now moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Filing 8. Defendants assert that Meijers has failed to exhaust his administrative remedies, as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. Defendants have also moved to substitute the United States of America as the sole named defendant, and to consolidate this case with an essentially identical case that Meijers previously filed directly in federal court (case no. 4:12-cv-3248). Filing 8. For the reasons discussed below, defendants' motion to dismiss and motion to substitute will be granted, and the motion to consolidate will be denied as moot.

## STANDARD OF REVIEW

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject matter jurisdiction. The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). A Rule 12(b)(1) motion can be presented as either a "facial" or a "factual" challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When reviewing a facial challenge, the Court restricts itself to the face of the pleadings, and the nonmovant receives the same protections as it would facing a Rule 12(b)(6) motion. *Id*. By contrast, when reviewing a factual challenge, the Court considers matters outside the pleadings, and the nonmovant does not receive the benefit of Rule 12(b)(6) safeguards. *Id*. Moreover, unlike a motion for summary judgment, the Court is free to resolve disputed issues of fact. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). In this case, defendants have presented a factual challenge.

## ANALYSIS

The United States extends grants to certain entities that provide primary health care services. *See* 42 U.S.C. § 254b. Pursuant to the Federally Supported Health Centers Assistance Act of 1992, entities receiving funding under § 254b, as well as their employees, may be deemed employees of the Public Health Service for purposes of the FTCA. *See* 42 U.S.C. § 233(g)-(n).

The FTCA, in turn, provides that the exclusive remedy for damages for personal injury resulting from the performance of medical, dental, or related

---

[2] Pursuant to 28 C.F.R. § 15.4(a), the United States Attorney is authorized to make the § 233(c) certification in place of the Attorney General.

functions by deemed employees acting within the scope of their employment is an action against the United States. *See* 42 U.S.C. § 233(a) & (g)(1)(A); *see also* 28 U.S.C. § 1346(b). Under the FTCA, a plaintiff must first exhaust his administrative remedies before bringing suit in federal court. 28 U.S.C. § 2675(a). Compliance with § 2675(a) is jurisdictional and must be pleaded and proven by the plaintiff. *Mader v. United States,* 654 F.3d 794, 808 (8th Cir. 2011); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

In this case, records maintained by the United States Department of Health and Human Services establish that at all relevant times, PHC was deemed to be a federal employee, and that Reddy was an employee of PHC. Filing 9-1. The Department's records further show that Meijers filed an administrative tort claim with the Department on December 20, 2012. As of the filing of defendants' motion to dismiss, a final determination had yet to be made on Meijer's administrative claim. Filing 9-1 at 1. Meijers has therefore failed to demonstrate that he has properly exhausted his administrative remedies.

Since that time, however, a final determination may have been made. The FTCA provides that if a federal agency has not made a final disposition of a claim within 6 months of the administrative filing, the plaintiff may at his option deem the lack of action a final denial for exhaustion purposes. 28 U.S.C. § 2675(a). The Court notes that this 6-month period very recently expired. So, rather than dismissing this case, the Court will grant Meijers leave to file an amended complaint.

If Meijers elects to file an amended complaint, he shall do so on or before July 26, 2013. The amended complaint shall restate the allegations of Meijer's current complaint, and any new allegations. Specifically, the amended complaint shall set forth what, if any, action has been taken by the Department of Health and Human Services regarding Meijers' administrative claim. If no action has been taken, Meijers should so state and also state whether he is choosing to deem this a final denial of his claim for purposes of § 2675(a). If Meijers fails to file an amended complaint in accordance with this Memorandum and Order, this case will be dismissed without prejudice, and without further notice.

The Court further finds that the United States should be substituted as the named defendant in the place of PHC and Reddy. As noted above, the United States Attorney has certified that PHC and Reddy were acting within the scope of their employment as employees of the United States at the time of the conduct alleged in the complaint. Meijers has not come forward with any evidence to rebut the certification. Accordingly, substitution of the United States as defendant is appropriate. *Glorvigen v. Cirrus Design Corp.*,

2006 WL 3043222, at *1–2 (D. Minn. 2006); *see also Divers v. Halls*, 2013 WL 459633, at *2 (D. Neb. 2013).

Finally, the Court finds that defendants' motion to consolidate should be denied as moot. Since the motion was filed, Meijers' other case has been dismissed. *See* case no. 4:12-cv-3248 filings 10 and 11. Accordingly,

IT IS ORDERED:

1. Defendants' motion (filing 8) is granted in part and denied in part as follows:

    A. Defendants' motion to substitute the United States as defendant is granted. The United States shall be substituted for the named defendants.

    B. Defendants' motion to dismiss is granted. Meijer's complaint is dismissed without prejudice. However, Meijers may file an amended complaint on or before July 26, 2013. If Meijers fails to file an amended complaint by that time, this case will be dismissed without prejudice and without further notice.

    C. Defendants' motion to consolidate is denied as moot.

Dated this 26th day of June, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -